**KONGBO WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70177.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2008 *.

Filed Feb. 11, 2008.

Robert A. Espinosa, Esq., Santa Fe Springs, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Nicole R. Mark, Leslie McKay, Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Kongbo Wang, a native and citizen of China, petitions for review of a Board of Immigration Appeals ("BIA") order which summarily affirmed the decision of the Immigration Judge ("IJ"). The IJ denied Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") after concluding that Wang was not a credible witness. We review an IJ's adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny Wang's petition for review.

The IJ based its adverse credibility determination "specifically, but not exclusively" on Wang's inability to credibly establish his identity. We conclude that substantial evidence supported the IJ's finding because, among other things, Wang submitted an identification document that the Forensic Document Laboratory of the Department of Homeland Security determined was "counterfeit." *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (concluding that eligibility

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for asylum depends on the credible establishment of identity); *see also Desta v. Ashcroft,* 365 F.3d 741, 744–45 (9th Cir. 2004) (upholding adverse credibility determination based in part on the possibility that documents submitted by petitioner were fraudulent).

In the absence of credible testimony, Wang failed to demonstrate eligibility for asylum, withholding of removal, or relief under the CAT. *See Farah,* 348 F.3d at 1156–57.

Finally, Wang's contention that the BIA's decision to affirm the IJ's decision without opinion violated his due process rights is foreclosed by our decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**